UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTON B. COUTHER,

                      Petitioner,

      -against-

J. PETRUCCI, WARDEN F.C.I. OTISVILLE,

                      Respondent.

20-CV-10018 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

      Petitioner Alton B. Couther, currently incarcerated in the Federal Correctional Institution in Otisville, New York, brings this *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging the legality of his 2013 conviction entered by the United States District Court for the Eastern District of Virginia in *United States v. Couther*, No. 2:12-CR-0187-1 (RAJ) (TEM) (E.D. Va. July 3, 2013). The Court grants Petitioner *in forma pauperis* ("IFP") status for the limited purpose of this order.[1] For the reasons set forth below, the Court finds that 28 U.S.C. § 2255 is the proper jurisdictional basis for the relief that Petitioner seeks, and therefore transfers the application to the United States District Court for the Eastern District of Virginia.

### BACKGROUND

      In *United States v. Couther*, in the Eastern District of Virginia, Petitioner pleaded guilty to one count of "carrying a firearm during and in relation to, and possessing a firearm in furtherance of a drug trafficking crime" in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and

---

[1] In his submission, Petitioner writes that "[t]he $5.00 fee has been mailed out from F.C.I. Otisville," ECF No. 1, at 75, but it does not appear that the court has received the payment.

924(a)(2). *Couther*, No. 2:12-CR-0187, 32. He was sentenced to a total of 180 months' incarceration, followed by 5 years' supervised release. *Id.* Petitioner did not file a direct appeal, but he did file a number of postconviction motions in the sentencing court, including a motion under 28 U.S.C. § 2255 to vacate his conviction. *See Couther*, No. 2:12-CR-0187, 35. He filed a motion to withdraw his § 2255 motion before it was adjudicated, which the court granted on January 9, 2015.[2] *Id.*, ECF Nos. 37, 40.

Invoking 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255, Petitioner now seeks to vacate his conviction for "carrying a firearm during and in relation to, and possessing a firearm in furtherance of a drug trafficking crime" in violation of § 924(c)(1)(A)(i). Petitioner asserts that his conviction must be vacated because the record does not show that he ever admitted to possessing or distributing the quantity of drugs required to prove the predicate drug trafficking crime. Specifically, he argues that the indictments failed to specify the quantity of drugs, the transcript of his plea hearing does not show that he ever acknowledged distributing any specific amount of marijuana, and at the sentencing hearing, the court did not "acknowledge any specific drug quantity or intent." He therefore maintains that, despite his guilty plea, he could not lawfully be convicted under § 924(c)(1)(A)(i).

## DISCUSSION

The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Under § 2241, a prisoner may challenge the "*execution* of [his] sentence," *Chambers v. United States*,

---

[2] Among other postconviction motions, Petitioner filed a motion for correction of sentence, *id.*, ECF No. 39, which the court granted, thereby reducing his sentence for the count of possessing a firearm as a felon from 120 months to 84 months, *id.*, ECF No. 59.

106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original), such as decisions to deny parole or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d 144, 146; *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991). Petitioner's claim – that his conviction under § 924(c)(1)(A)(i) is invalid – falls within the normal scope of a § 2255 motion, but outside of the normal scope of a § 2241 petition.

Petitioner argues that § 2241 is nevertheless proper under the "savings clause" of § 2255(e). In limited circumstances, a petitioner may bring a § 2241 petition under the savings clause if a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). Section 2255 is "inadequate or ineffective" where it cannot be utilized and "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). Accordingly, the savings clause authorizes a petition under § 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (emphasis in original) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (internal quotations omitted)).

Petitioner fails to meet the requirements to challenge his conviction under § 2241. He appears to suggest that a § 2255 motion is unavailable to him because he waived his right to appeal as part of his plea agreement. (*See* ECF No. 1, at 3.) But waivers of appellate rights "are to be applied 'narrowly' and construed 'strictly against the government.'" *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (citations omitted). A waiver of appellate rights will generally not be enforced where the defendant is challenging the constitutionality of the process by which he waived those rights. *Id.* And courts have recognized that even a knowing and

voluntary waiver will not be enforced if doing so would result in a miscarriage of justice. *See, e.g.*, *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003); *United States v. Teeter*, 257 F.3d 14, 25 (1st Cir. 2001). In any event, Petitioner alleges that he waived his right to appeal; he does not allege that he waived his right to seek postconviction relief in a § 2255 motion. And Petitioner in fact *did* file a § 2255 motion, albeit one that he subsequently withdrew.[3]

Even if Petitioner could establish that a § 2255 motion is unavailable to him because it would be untimely, he makes no attempt to show that he could not have raised his claims earlier.[4] Nor could he make such an argument, as the record shows that he in fact *did* raise a nearly identical claim in his August 11, 2014 § 2255 motion. *See Couther,* No. 2:12-CR-0187, 35, 36.

Petitioner therefore may not challenge his conviction through a petition under § 2241; the proper jurisdictional basis for the relief he seeks is § 2255. Because Petitioner's first § 2255 motion was not adjudicated on the merits, this § 2255 motion is not second or successive. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A motion under § 2255 generally must be brought in the district in which the movant was convicted. *See* 28 U.S.C. § 2255(a). Even though it appears that Petitioner's § 2255 motion is likely time-barred, due to the lengthy and complex history of Petitioner's criminal case, in the interest of justice the Court will transfer the motion to the Eastern District of Virginia rather than dismiss it. *See Murray v. Warden, FCI Raybrook*, No. 9:01-CV-0255, 2002 WL 31741247, at *12 (N.D.N.Y. Dec. 5, 2002) (transferring petition, brought under § 2241 and recharacterized as a § 2255, to the district of petitioner's

---

[3] The record contains no indication that Petitioner's decision to withdraw his § 2255 was in any way connected to his waiver of appellate rights.

[4] Because Petitioner fails to show that he could not have raised his claims earlier, the Court need not address whether his claims are of actual, as opposed to legal, innocence.

conviction despite likely untimeliness). The Court therefore transfers this action to the United States District Court for the Eastern District of Virginia.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Court finds that this petition, notwithstanding its designation, should be construed as a motion pursuant to 28 U.S.C. § 2255. The Court therefore transfers this action to the United States District Court for the Eastern District of Virginia. No answer shall be required at this time. This order closes this case in this district.

SO ORDERED.

Dated:   February 10, 2021
         New York, New York

                                            _____
                                            LOUIS L. STANTON
                                            U.S.D.J.